## ANSON BUCK v. CURTIS B. ALBEE.

### Illegal contract.

A quantity of spirituous liquors were placed in the possession of the defendant, who was licensed to sell them for medicinal chemical and mechanical purposes only, under an arrangement between the owner of the liquors, the plaintiff and the defendant, that the latter should sell them and apply a part of the avails for the benefit of the plaintiff. It *was held* that any agreement or understanding between the owner and the defendant, by

which said liquors were to be, and were sold by the defendant, for purposes not authorized by his license, would not prevent the plaintiff from recovering his portion of the avails, if he was not in any way a party or privy to such agreement or understanding.

ASSUMPSIT for money had and received, money paid, goods sold, &c. Plea the general issue; trial by jury, December Term, 1854, — PECK, J., presiding.

It appeared that on the 2d of February, 1850, the plaintiff was holden to different persons to the amount of $500.00 in all, as surety for one Michael Kirk, who at that time had a quantity of spirituous liquors which he put into the hands of the defendant, under an arrangement by which the defendant was to sell and account for them at their cost price, after deducting certain expenses connected with their transportation, first by satisfying a debt due from Kirk to the defendant, then by paying a debt due from Kirk to Barlow & Keyes, and then by paying, of the residue, an amount not exceeding $500.00, to the plaintiff on account of his liability for said Kirk. The said Kirk, the plaintiff, the defendant and Bradley Barlow of the firm of Barlow & Keyes all assented and were parties to this arangement. The defendant at this time was a tavern-keeper in Fairfield, and had a license to sell spirituous liquors for medicinal, chemical and mechanical purposes only, which continued in force until the latter part of the succeeding April, and during the existence of said license he sold the greater part of the liquors received from Kirk, and all of them before the commencement of this suit; and it appeared that he was accustomed, during the whole period of his license, to sell spirituous liquors, and that he sold these for other purposes than those specified in his license, and as a beverage; and the defendant's testimony tended to show that at the time of the above arrangement the plaintiff knew and understood that such was the defendant's practice, and that these liquors would be so sold; but the plaintiff's testimony tended to show the contrary, and that he had no idea or expectation that the liquors were to be sold otherwise than in pursuance of the defendant's license.

It appeared that neither the plaintiff or Kirk had any license to sell spirituous liquors, and the defendant claimed that the liquors were sold to him by the said Kirk to be paid for as above mentioned.

Upon the request of the defendant the jury were instructed, that if the contract by which the defendant received the liquors was a sale, or if by the contract and the delivery under it, the ownership of the liquors vested in the defendant, the plaintiff would not be entitled to recover. The defendant requested the court to charge the jury that the contract was void and the plaintiff could not recover, if at the time of the contract, it was the understanding and expectation of Kirk and the defendant that he should sell the liquors for other purposes than those for which he had a license; but the court declined so to charge, and did charge that if the jury found that the contract between the parties was not a sale and that the ownership of the liquor did not vest in the defendant by the contract, or contract and delivery, the plaintiff would be entitled to recover the surplus of the money received by the defendant, before the commencement of this suit, from the sale of said liquors, after paying the expenses of the transportation and the debts of Kirk to the defendant and to Barlow & Keyes, or so much of said surplus as by the arrangement was to be paid to him, unless they should find that at the time of making the contract it was the agreement, understanding, or contemplation of the plaintiff, defendant and Kirk that the defendant should sell the liquors in whole or in part for purposes other than those authorized by his license, in which case the contract would be void, and the plaintiff would not be entitled to recover; but that if such was the understanding and contemplation of the defendant and Kirk, yet if the plaintiff was ignorant of their purpose, agreement and understanding in this respect and was not privy to it, the illegal purpose and acts of the defendant and Kirk would not render the contract void as to the plaintiff or prevent him from enforcing the stipulation made for his benefit. The jury, under these instructions returned a verdict for the plaintiff. Exceptions by the defendant.

*A. O. Aldis*, for the defendant.

As between Albee and Kirk the contract was illegal and void. If the transfer of Kirk's interest in such illegal contract to a third person who is ignorant of the illegality, made the contract legal, it will always be in the power of parties to such illegal contracts to

make them good. Convenient ignorance will readily be found, while the proof of privity in the unlawful design will be almost impossible.

*H. R. Beardsley,* for the plaintiff.

The defendant had a license to sell for purposes authorized by law. He was in a position in which he could lawfully receive and sell the liquors; and that he undertook to do this, so far as the plaintiff was concerned, must be assumed from the finding of the jury. He could not then, by any secret intent to violate the law, or by any actual violation of it, without the plaintiff's privity or knowledge, defeat the plaintiff's right, or shield him from a legal liability.

The opinion of the court was delivered at the circuit session in September, by

ISHAM, J. The jury, under the charge of the court, have found that there was no sale of the liquor by Kirk to Albee, nor any transfer of it, so as to divest Kirk of its ownership. It was placed in the defendant's hands for sale, and its proceeds were to be applied in payment of the debt due from Kirk to the defendant, then the claim due Messrs. Barlow & Keyes, then the claim of the plaintiff, and the surplus was to be accounted for to Kirk. The liquor having been sold, and the money received by the defendant, the plaintiff is obviously entitled to recover the amount which by that arrangement was to be paid to him, unless the sale of the liquor by the defendant was illegal or made without license, and to which illegal sale, the plaintiff was a party or privy.

The defendant, it now appears, was licensed to sell liquor for *medicinal, chemical,* and *mechanical purposes.* The liquor, therefore, was properly placed in his hands for sale for those objects, and the defendant is accountable for its proceeds under that arrangement, unless there was an agreement or understanding between the defendant and the other parties in interest, that the liquor was to be sold by the defendant for other purposes than those for which he was licensed. That fact, the jury in every particular have negatived by their verdict, and particularly so in relation to the plaintiff. It is not material to inquire, whether the defendant

14

sold the liquor in violation of his license, so long as the fact exists that the plaintiff was not a party to such a sale, nor was it made by his procurement, solicitation or knowledge. The court in this case are not called upon to enforce an illegal contract, or see to the distribution of the proceeds of an illegal sale to which the plaintiff was in any respect a party. In this respect the case differs from the one as reported in 26 Vt. 184.

The judgment of the county court is affirmed.